VANDERVEER'S ADMINISTRATOR *vs.* HOLCOMB and others.

1. An interlocutory decree made at the hearing in a foreclosure suit, on bill and the answers of two defendants, one of which charged that the mortgage of the other defendant was void for usury, does not adjudicate upon the validity of such mortgage by not directing an account to be taken of the amount due upon it. The question between the two defendants is still open, and is proper to be brought up by a cross-bill.

2. A cross-bill against a complainant should, in general, be filed at the time of filing the answer, and in all cases before closing the testimony. But the first rule does not apply to a cross-bill by one defendant against another, nor does the last to cases in which no testimony has been taken.

The argument was upon a demurrer filed to the bill in this case, which was a cross-bill by one of the defendants in a former suit pending in this court.

*Mr. Emery* and *Mr. Richey*, in support of the demurrer.

*Mr. Ransom*, contra.

THE CHANCELLOR.

The cross-bill was by one of the defendants in a foreclosure suit against another defendant, for the purpose of establishing the validity of a mortgage held by the complainant in the cross-bill, to which the owner of the equity of redemption had, in his answer in the original suit, set up the defence of usury. The complainant in this suit, in his answer in the foreclosure suit, had set up his mortgage as a valid, subsisting lien, but did not notice the defence of usury. Both defendants admitted the complainant's mortgage; no replication was filed or testimony taken, but the cause was brought on for hearing on the bill and answers. The Chancellor, by an interlocutory order, directed a reference to a master to ascertain the amount due on the mortgage of the complainant, and on the encumbrances of other defendants, some of which were posterior to the mortgage of the complainant in

the cross-bill. He did not direct the master to ascertain the amount due on the mortgage of the complainant in the cross-bill, or determine directly whether it was, or was not, a valid mortgage. The interlocutory· decree was silent as to that. From this decree an appeal was taken, and it was affirmed in the Court of Appeals, (*Vanderveer* v. *Holcomb,* 2 *C. E. Green* 547,) on the ground that if it did, by implication, hold that the mortgage of the complainant in this bill wås invalid, such judgment was right on a hearing upon bill and answer only, as the facts stated in Holcomb's answer setting up the usury, must be taken as true, and no denial of them was contained in the defendants answer; and on the other hand, if the decree appealed from did not, by implication, declare the mortgage void, but left the question open, there was no error.

I think that interlocutory decree did not affect the mortgage of the complainant in this suit. It simply directed the master to ascertain the amount due on the other encumbrances, which, no doubt, it was thought would be all that would be requisite to a final decree; as the cause.then·stood, it was all that was requisite; there was nothing to controvert the facts set up in Holcomb's answer; but if, before the final hearing, by cross-bill or otherwise, evidence should be placed before the court to show that the plea of usury was not true, then this report would have been insufficient, and a further reference might be ordered before the final hearing.

It is insisted, on the part of Holcomb, that this cross-bill is filed too late. The rule is, that in general a cross-bill should be filed at the time of the answer, as it is a part of the defence. And the old rule in England was, that it should be filed before publication, which would be substantially, in this state, before the closing of the testimony. But this last rule does not apply to this case, because there was no testimony taken. Nor does the rule first mentioned apply, for that relates to cases where the cross-bill is against the complainant; and in such case it is evidently proper that the cross-bill should be filed at the time of putting in

the answer, to which it is an auxiliary. But where the dispute, as here, arises between two defendants, one of them cannot know what defence the other will put in until answer filed, and his own answer must be filed within the same time.

A cross-bill is proper in a case like this, between the defendants, and I do not know of any rule or reason, why it should not be filed after an interlocutory decree which does not determine the question.

The complainant in this suit ought to be permitted to call upon Holcomb to prove the defence of usury by other evidence than his own allegations in his answer, which, under the rule laid down in the statute, would be conclusive on the final hearing, and would warrant a decree that this mortgage was void for usury.

Demurrer overruled.